UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARK STANALAJCZO, DDS,

    Plaintiff,                        Case No. 2:23-cv-11527-MFL-EAS
                                          Hon. Matthew F. Leitman
v.                                           Mag. Judge Elizabeth A. Stafford

JAQUES NOR, DDS, MS, PhD, *et. al*.,

    Defendants.
_____/

| | |
|---|---|
| Dennis B. Dubuc (P67316) (Deceased) | Timothy H. Howlett (P24030) |
| ESSEX PARK LAW OFFICE, P.C. | Angelina R. Delmastro (P81712) |
| 12618 10 Mile Road | DICKINSON WRIGHT PLLC |
| South Lyon, MI  48178 | Attorneys for Defendants |
| (248) 486-5508 | 500 Woodward Avenue, Suite 4000 |
| lawplus@sbcglobal.net | Detroit, MI  48226 |
| | (313) 223-3500 |
| Frank J. Lawrence (DC #1048420) | thowlett@dickinsonwright.com |
| Counsel for Plaintiff | adelmastro@dickinsonwright.com |
| LAW OFFICE OF FRANK LAWRENCE | |
| 941 Westview Road | |
| Bloomfield Hills, MI  48304 | |
| (248) 722-2560 | |
| flawrence1@hotmail.com | |

_____/

**PLAINTIFF'S STANALAJCZO'S
MOTION FOR ORAL ARGUMENT**

## **TABLE OF CONTENTS**

STATEMENT OF ISSUE PRESENTED……………………………………...…..iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES…………………iv

I.    STATEMENT OF FACTS…………………………………………………..1

II.   ARGUMENT……………………………………………………………….1

      Plaintiff respectfully requests that this Court allow oral argument on the Defendants' Motion for Summary Judgment…………………………………

III.  CONCLUSION AND RELIEF REQUESTED……………………………...3

## **STATEMENT OF ISSUE PRESENTED**

I. Should oral argument be held concerning the Defendants' Motion for Summary Judgment [ECF No. 48]?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Eastern District of Michigan Local Rule 7.1(f)

I.      STATEMENT OF FACTS

This is a civil rights case. On November 8, 2024, Defendants filed their pending Motion for Summary Judgment [ECF N. 48]. On December 9, 2024, Plaintiff timely filed his response [ECF No. 50] and on December 23, 2024, Defendants timely filed their reply [ECF No. 53]. The issues involved in this case concern whether Plaintiff's constitutional rights were violated when University of Michigan School of Dentistry officials disciplined him and then later terminated him from his position as an Adjunct Clinical Assistant Professor. Defendants deny that a constitutional violation took place and they assert that qualified immunity otherwise protects them from liability. One of Plaintiff's contentions is that Defendants acted *ultra vires* when they disciplined and terminated him, resulting in the inability for them to plausibly state a qualified immunity defense.

Prior to the filing of this motion, the parties had two telephone conversations and email communications. Without adopting the points in support of this request, on January 23, 2025, Defendants stated that they will not oppose the relief requested in this motion.

II.     ARGUMENT

      PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ALLOW ORAL ARGUMENT ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

1

Eastern District of Michigan Local Rule 7.1(f) ("Hearing on Motions") provides the following:

> (1) The court will not hold a hearing on a motion for rehearing or reconsideration, a motion for reduction of sentence, or a motion in a civil case where a person is in custody unless the judge orders a hearing.
>
> (2) The court will hold a hearing on all other motions unless the judge orders submission and determination without hearing.
>
> (3) The motion must be filed with the clerk, who will forward it to the assigned judge. The judge will set or cause to be set a date for hearing with notice to the parties and other persons entitled to be heard on the motion. Inquiries regarding time of hearing may be directed to the judge's chambers.

As noted above, this Court is free to decide motions on the papers submitted by the parties, and is not required to hold oral argument on all motions submitted. *See Id.*; *See also* Fed. R. Civ. P. 78(b). This discretion allows district courts to "effectively manage very crowded case dockets," especially in instances where "the legal issues are abundantly clear and . . . firmly settled." *Yamaha Corp of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.*, 975 F.2d 300, 301 n.1 (6th Cir. 1992). On the other hand, when a district court finds that oral argument will aid in the disposition of a motion, oral argument is appropriate. *See* E.D. Mich. LR 7.1(f)(2).

This case presents unusual issues such that the Court will benefit from allowing the parties to expound upon the facts and issues. The legal analysis in the majority of employment-related cases begins with the discipline or termination,

without federal plaintiffs questioning *the administrative authority* of the individual(s) who took the adverse action against them.  This case is different.  Here, Plaintiff is claiming that the individuals who disciplined and fired him had no administrative authority to do so, exceeding the scope of their authority under the University's own bylaws.  Oral argument on this novel issue would aid the Court by allowing the parties to highlight their respective positions.

Alternatively, Plaintiff's response brief cited the Sixth Circuit's recent decision in *Josephson v. Ganzel*, 115 F.4th 771 (6th Cir. 2024) as controlling authority concerning why qualified immunity would not protect the Defendants.  Plaintiff's Response, ECF No. 50 at PageID.1001.  While *Josephson* is a 2024 case, it relied upon precedent that was in existence when Plaintiff was disciplined and fired.  Plaintiff requests oral argument to expound upon the series case law that *Josephson* relied upon, 115 F.4th at 789, to show that the law was clearly established at the moment when Plaintiff's constitutional rights were violated in 2022.

Because of the 25-page limit within E.D. Mich. Local Rule 7.1(d)(3)(A), Plaintiff did not have the space needed to further expound upon the case law that *Josephson* relied upon.  Although Plaintiff could have sought leave to file an oversized brief, granting this request for oral argument would be the more

3

preferable option, as it would allow for an interactive discussion between the parties and the Court on these important issues.

## III.  CONCLUSION

Plaintiff respectfully request that this Court grant leave for the parties to appear for oral argument concerning the Defendants' motion for summary judgment [ECF No. 48].

Dated: January 27, 2025              Respectfully submitted:

/s/Frank J. Lawrence_____
Frank J. Lawrence (DC Bar No. 1048420)
Counsel for Plaintiff
Law Office of Frank J. Lawrence
941 Wesview Road
Bloomfield Hills, MI  48304
flawrence1@hotmail.com
(248) 722-2560

4